FILED    16 '23 PM 12:22 USDCALS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

Name _Thomas Justin Bailey_

Prison Number _MNI #18003605 , AIS: 325228_

Place of Confinement _Baldwin County Jail_

Action No. _23-CV-311-KD-N_
(To be supplied by Clerk of U. S. District Court)

_Thomas Justin Bailey_ _____ (PETITIONER)
(Full name under which you were convicted)

v.

_Huey "Hoss" Mack, Baldwin County Sheriff_ _____ (RESPONDENT)
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

### PETITION FOR WRIT OF HABEAS CORPUS BY A
### PERSON IN STATE CUSTODY

Instructions - Read Carefully

(1)  This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)  Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4)  If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

(5)  Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

_Revised 1/2021_

(6)  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)  When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 155 Saint Joseph Street, Mobile, Alabama 36602.

(8)  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9)  You must immediately advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc.  Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack:  Circuit Court
of _Baldwin_ County, Alabama; Case Number _CC-19-1961,-1962,-900137,-900138,-900139, -900250,-900251,-900252,-900253_
Judge _J. Clark Stankoski_ .  Other court, and case number, if not Circuit Court:

_____.

2.  Date of judgment of conviction _10-27-2020, sentencing 12-16-2020, resentencing 3-30-2022/4-11-2022_

3.  Length of sentence _on 12-16-2020: 496 years. on 3-30/4-11-2022: all suspended with 10 years probation_

4.  Nature of offense involved (all counts) _Sodomy 1st (4 counts), Sodomy 2nd (3 counts),_
_Attempted Rape 1st, Attempted Sodomy 1st._

_____

_____

5.  What was your plea?  (Check one)

    (a)  Not guilty  _✓_

    (b)  Guilty _____

    (c)  Nolo contendere _____

6.  Kind of trial:  (Check one)

    (a)  Jury  _✓_

*Revised 1/2021*

(b) Judge only _____

7. Did you testify at the trial? Yes __✓__ No _____

8. Did you appeal from the judgment of conviction?  Yes __✓__    No _____

9. If you did not appeal, explain briefly why you did not: _____

_____

_____

10. If you did appeal, answer the following:

   (a) Name of court _Alabama Court of Criminal Appeals_

   (b) Result _(misrepresented) Appeal Denied (never saw appeal or decision)_ ^opinion

   (c) Date of result _9-9-2022_

   (d) Did you file a petition for rehearing?

      Yes __✓__  No _____; if yes, what was the result? _(still misrepresented) Application_
      _for Rehearing Denied (never saw opinion)_

      _____

   When did the court rule on your petition? _10-7-2022_

   (e) Did you file a petition for certiorari?

      Yes __✓__  No _____; if yes, what was the result? _Denied with No Opinion_

      _____

      _____

   When did the court rule on your petition? _1-6-2023_

11.    Other than a direct appeal from the judgment of conviction and sentence, have you
previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications,
or motions with respect to this judgment in any state court?

      Yes __✓__    No _____

12.    If your answer to 11. was "yes," give the following information:

3

*Revised 1/2021*

(a)(1)  Name of court _Baldwin Circuit_    Date filed _1-7-2023_

    (2)  Nature of proceeding (Rule 32, Rule 20, etc.) _Rule 32_

_____

    (3)  Grounds raised _Coerced confession (no confession made), illegal search/seizure (detective illegally searched, falsified police reports, perjured), favorable new evidence not disclosed (exam done that 5-2018 refutes allegations), no jurisdiction (AL. R. Crim. P. 9.1(a) violated), illegal conviction based on false evidence (AltaPointe perjury, detective perjury, prosecutorial misconduct), ineffective counsel._

    (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____  No __✓_____

    (5)  Result _Dismissed as precluded when not precluded_

    (6)  Date of result _1-30-2023_

(b) As to any second petition, application or motion, give the same information:

    (1)  Name of court _____  Date filed _____

    (2)  Nature of proceeding _____

    (3)  Grounds raised _____

_____

_____

    (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____  No _____

    (5)  Result _____

    (6)  Date of result _____

(c) As to any third petition, application or motion, give the same information:

    (1)  Name of court _____  Date filed _____

    (2)  Nature of proceeding _____

_Revised 1/2021_

(3) Grounds raised _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____   No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc.   Yes  ✓   No _____

Date filed _5-1-2023_____   Result _Denied_____

Date of result _8-9-2023_____

(2) Second petition, etc.  Yes _____  No _____

Date filed: _____   Result: _____

Date of result _____

(3) Third petition, etc.  Yes _____  No _____

Date filed _____   Result _____

Date of result _____

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

13.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

Caution:  In order to proceed in the federal court, you must first exhaust your state court

Revised 1/2021

remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Denial of right of appeal (j) [more attached]

1. Supporting FACTS (tell your story briefly without citing cases or law): Trial Court acknowledged on 3-30-2022 and 4-11-2022 that I was misrepresented on appeal (despite Appeals Court ignoring my letters/motions telling them this) and appointed new counsel. Issue never remedied.

6

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ✓ No _____

Rule 20/32 Petition: Yes ✓ No _____

Error Coram Nobis: Yes _____ No ✓

State Habeas Corpus: Yes _____ No ✓

3. If you did not raise this claim before the state courts, tell why you did not: While I raised this claim throughout in prose/Faretta fashion, and the courts cyclically forced preservation of my claims, the state courts did not address properly the claims I raised properly.

B. Ground two: (f) unconstitutional failure of the prosecution to disclose favorable evidence to the defendant [more attached.]

1. Supporting FACTS (tell your story briefly without citing cases or law): Prosecution (and Detective Seals) lied on record and said no exam was performed on the alleged, but it was in May 2018 by Dr. Westin Foley, and the exam refuted allegeds' statements.

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ✓ No _____

Rule 20/32 Petition: Yes ✓ No _____

Error Coram Nobis: Yes _____ No _____

State Habeas Corpus: Yes _____ No _____

3. If you did not raise this claim before the state courts, tell why you did not: See A. 33. Also, see Motion for Reconsideration of Rule 32 petition from 1-31-2023.

Revised 1/2021

C. Ground three (i) Denial of Effective Assistance of Counsels [more
attached]

    1. Supporting FACTS (tell your story briefly without citing cases or law): Trial lawyer

did not provide AltaPointe records until months after suppression hearing, he never used his basic

investigative duties to look into my 3 witnesses, he did not pursue the exam lie, he did not challenge when ...

    2. Did you raise this claim before the state courts on:

Direct appeal:  Yes __✓__  No _____

Rule 20/32 Petition:  Yes __✓__  No _____

Error Coram Nobis:  Yes _____  No __✓__

State Habeas Corpus:  Yes _____  No __✓__

    3. If you did not raise this claim before the state courts, tell why you did not: See A.3.

Also, see Motion for Reconsideration of Rule 32 petition from 1-31-2023.

D. Ground four: Violations of Due Process [more attached]

    1. Supporting FACTS (tell your story briefly without citing cases or law): Speedy trial

violated (see Supplemental Record from 8-2020 dismissal re-"hearing" for non-refuted points),

prosecutorial misconduct, false evidence used, alleged admitted my innocence (insufficient evidence to convict)...

    2. Did you raise this claim before the state courts on:

Direct appeal:  Yes __✓__  No _____

Rule 20/32 Petition:  Yes __✓__  No _____

Error Coram Nobis:  Yes _____  No __✓__

State Habeas Corpus:  Yes _____  No __✓__

*Revised 1/2021*

3. If you did not raise this claim before the state courts, tell why you did not: _See A.3._
_Also, see Motion for Reconsideration of Rule 32 petition from 1-31-2023._

14.   A. Have any of the grounds listed in this present habeas corpus petition ever been raised by
you in any other <u>federal</u> habeas corpus petition? Yes _____ No ✓ . If yes, which
grounds? _____

State the name and case number of your previous federal habeas corpus petition: _____

B. Have you previously filed a habeas corpus petition attacking this present conviction in
this or any other federal court? Yes _____ No ✓ . If yes, state the name and case
number of your previous federal habeas corpus petition: _____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the
judgment under attack? Yes _____ No ✓ . If yes, name the court:_____

and state the name and case number of the petition or appeal: _____

16. Give the name and address, if known, of each attorney who represented you in the following
stages of the judgment attacked herein:

(a) At preliminary hearing _C. Mark Lowell, Jeremiah Giles, Brett Anderson, and_
_Harold A. Koons III (each fired twice by indictment by grand jury)_

(b) At arraignment and plea _James Harold Sweet_

(c) At trial _James Harold Sweet_

9                                                            *Revised 1/2021*

(d) At sentencing _James Harold Sweet_

(e) On appeal _Kyle J. Henderson (withdrew before filing), Jennifer Evans Sanford (misrepresented—court agreed), James P. Coleman III (never corrected appeal)_

(f) In any post-conviction proceeding _pro se_

(g) On appeal from any adverse ruling in a post-conviction proceeding _pro se_

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _✓_ No _____

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____ No _✓_

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____ No _____

19.    TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

**(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –**

**(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

**(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,**

*Revised 1/2021*

if the applicant was prevented from filing by such state action;

**(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.**

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

11                                                    *Revised 1/2021*

FILED AUG 16 '23 PM 2:04 USDCALS

Additional Facts for 13. A., B., C., and D.   (petition pp. 5-9)   Page 1 of 2

A. Kyle Henderson would not go against the court and use what was preserved on record, so he just withdrew. Jennifer Sanford, who never met with me, used the false information from Henderson to submit an appeal that did not represent me, the facts, or the truth presented and preserved that proved my innocence on the record. Through several letters/motions (referenced at the 3-30-2022 and 4-11-2022 resentencing hearings by date), I proved how Ms. Sanford misrepresented me (and therefore preserved those claims for appeal), and the trial court agreed and hired new counsel. Mr. Coleman failed to submit a new brief. I still have not been afforded my right to a fair trial or appeal on my behalf.

B. Prosecution, during trial and during closing arguments, and Detective Seals, twice on the stand, lied and misled the jury by stating that there was no exam (which there was by OB/GYN Dr. West in Foley in May of 2018) and that it would not matter anyway (which refuted the allegations as described, as they would have produced scarring had they happened — Seals and prosecution are not medical experts) in order to hide the fact that P.E. refuted R.E.'s claims by testifying that events did not happen, when she was under direct examination by prosecution.

C. James Sweet did not provide AltaPointe records from discovery to me until months after the suppression/dismissal re-hearing (that he falsely claimed I waived initially when I did not). I correctly denied having made any such statement in my substantially different (not "essentially the same" as Judge Stankoski incorrectly ruled while having evidence to the contrary in front of him) from Mr. Sweet's argument (meaning the supplemental record) of that hearing, and it was not refuted; further, upon finally seeing AltaPointe's records, the official report stated that someone else made said statement (refer to my Motion for Reconsideration from 1-31-2023 for more details on all of these issues) and Ms. Higginbotham perjured herself by attributing that statement (that was not even made by reported person) incorrectly to me. Next, Mr. Sweet failed in his basic investigative duties under Strickland v. Washington by not looking into my three witnesses despite knowing about them for over a year prior to trial (Brandon Michael Grass, Colin Michael Cook, and Jared Allen Young — see Motion for Reconsideration from 1-31-2023 for details); they would have refuted the statements of the alleged and proved there was no silver phone. Further, despite me telling him with enough time to correct the issue, Mr. Sweet did not pursue the lies that the medical exam was

not performed even though it was. Mr. Sweet did not challenge when P.E. testified that events did not happen while she was under direct examination by the prosecutor, which this fact alone negates corroboration for the state and makes it to where there is insufficient evidence to falsely convict. Mr. Sweet did not bring to light Ms. Higginbotham's perjury, Detective Seals's perjuries, or Detective Seals's falsified police report that stated that while I had been at AltaPointe for days in Daphne and could not leave, I had somehow shown a phone that did not exist to someone in Foley who never left Foley; I preserved these issues and more at the sentencing phase of trial during my allocution, but they still to this day have yet to be properly addressed.

D. My right to a speedy trial was violated: prosecutor conceded that the Barker v. Wingo test was triggered, and the supplemental record of the dismissal rehearing in August of 2020 (which was my line-by-line rebuttal to the transcript of the illegally-held first hearing since they violated my right to be present which included substancial proofs) proved my right was violated and how. There was prosecutorial misconduct: see B.C. above, my 12-16-2020 allocution, my updated allocution on 3-30-2022 and 4-11-2022, and the previously-mentioned Motion for Reconsideration; Prosecution knew that an exam was conducted as of May 2018. False evidence was used: it was proven by prosecutor's own discovery that no confession was made by me, Seals perjured about Google despite their letter saying the opposite of what he twice testified, P.E. admitted acts did not happen and the prosecutor kept telling the jury otherwise, the "phone" was disproven by a preponderance of the evidence, and there was an exam that helped prove my innocence that the state kept falsely saying never happened. There was insufficient evidence to falsely convict. I truthfully denied the allegations, R.E. lied and alleged acts, and P.E. tried to lie but slipped up and admitted acts did not happen; as this was the totality of the actual "evidence" legally presented at trial, I should have been acquitted of all 10 charges and not just one. I did not receive a fair trial: see everything above. The trial court lacked jurisdiction: see 1-31-2023 Motion for Reconsideration that was never addressed (even though it was referrenced in the petitions for writ of mandamus concerning the unfair dismissal of my Rule 32 petition) and the Committee Comments section of Alabama Rule of Criminal Procedure 9.1(a) that remove jurisdiction from a court when right of presence is violated (which was not properly remedied through the "rehearing" of the dismissal/suppression motions). My right to appeal was violated: see A. above. I am illegally being held: as of 4-11-2022, all 496 years was suspended for 10 years of probation (see Sentencing Orders).

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
Typed or printed name of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed and delivered to custodial authorities for mailing on _August 14, 2023_____

_____
(date)

_____
Signature of Petitioner

_200 Hand Ave._____
Current mailing address
_Bay Minette, AL 36507_____

_____

12                                                    _Revised 1/2021_

Thomas Justin Bailey
MDI #18003605
200 Hand Ave.
Bay Minette, AL 36507

Legal Mail
#1 of 3

This Correspondence is forwarded
from the Baldwin Company Sheriff's Corrections Center.
The contents have not been
evaluated, and the Baldwin Co.
Sheriff's Office is not responsible
for the substance or contents of the
enclosed communication.

MOBILE
14 AUG 202_

Southern Federal Court of Mobile
155 St. Joseph St.
Mobile, AL 36602

36602-368399

Thomas Justin Bailey
MDI #18003605
200 Hand Ave.
Bay Minette, AL 36507

Legal Mail
#2 of 3

MOBILE AL 366
This Correspondence is forwarded
from the Baldwin County Sheriff's Corrections Center
14 AUG 2023
evaluated, and the Baldwin Co.
Sheriff's Office is not responsible
for the substance or contents of the
enclosed communication.

Southern Federal Court of Mobile
155 St. Joseph St.
Mobile, AL 36602

36602-391455

Thomas Justine Bailey
MITI #18003605
200 Hand Ave.
Bay Minette, AL 36507

Legal Mail
3 of 3

MOBILE AL 366

14 AUG 2023 PM 2 L

Southern Federal Court of Mobile
155 St. Joseph St.
Mobile, AL 36602

36602-391455